# Cornett v. Caudill et al.

February 1, 1949.

Rehearing denied May 3, 1949.

Napier & Napier for appellant.

Stephens Combs, Jr. for appellees.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This suit arose out of a dispute as to the boundary line between adjoining tracts of land owned by appellant and appellees respectively. The property is bottom land and is located on Linefork in Letcher County. From a judgment in favor of appellees, appellant prosecutes this appeal.

Although a large record of three volumes has been built up in the dispute over the less than two acres of ground involved, the issues are simple and almost purely factual, few questions of law being raised by either party. It appears from the evidence that about forty years ago a fence was erected by Jesse Ison, then owner of the tract now owned by appellant, and Erb Morgan, then owner of the tract now owned by appellees, on an agreed divisional line between the two tracts. That fence was constructed with planks and slats and was replaced some years later by Boyd Ison and Erb Morgan, then owners of the two tracts, with a fence composed mostly of wire attached to posts and trees. The proof indicates that this later fence was located at the same place, that is, on the same line as was the old fence it replaced. There seems to have been no serious dispute between these parties as to their division line. Appellant Edd Cornett acquired title to the Ison tract by deed dated September 24, 1927. In that same year a great flood hit the Kentucky River and its tributaries, including Linefork, and a large part of the fence between the two

tracts, referred to above, was washed out, knocked down or covered over with debris. The dispute over the line seems to have started from this catastrophe and resulted in a prosecution for trespass by the Cornetts against Corbett Caudill who became owner of the Erb Morgan tract by deed dated November 4, 1937, and a forcible entry and detainer suit against Vina Morgan, widow and successor in title to Erb Morgan. The present litigation began in 1943 when appellant brought this suit in equity against appellees to quiet his title to the disputed land between the line claimed by appellant to be the true boundary and the fence rebuilt in 1927 and claimed by appellees to be the true boundary line. That is the main dispute involved in this case, whether this fence was replaced on the old line where the old fence was, as contended by appellees, or whether it was moved over on to the Cornett property when rebuilt, as contended by appellant. Considerable testimony was heard on this point, much of it irrelevant and immaterial, some of it incompetent, all of it tedious and the main points in direct and hopeless conflict. Appellant's evidence supports his contention that the fence was not replaced on the old fence line but several feet south of it and all on appellant's property. This evidence is supported by the surveyors who testified for appellant. On the contrary, appellees' evidence supports their contention that after the 1927 flood the fence was replaced on substantially the same line as the old fence; that a few of the posts were by mistake set over the line on appellant's side but later removed to the line when forcible entry and detainer proceedings were instituted by appellant against Vina Morgan, then owner of the Caudill tract. Appellees' evidence of the location of the fence is supported by the surveyor who testified in their behalf. Appellant seeks to discredit the accuracy of appellees' surveyor because his line was run by use of variations while the line of their surveyors was run by courses and distances. Be that as it may, whether this new fence was built exactly on the old line or not, it was rebuilt in its present location in 1927 and had remained in that location for more than fifteen years before this suit was brought in 1943. With all this and all conflicting evidence before him, the court rendered a judgment dismissing appellant's petition and adjudging appellees

owners of the tract enclosed by the fence. From that judgment we quote:

"This cause having been submitted to the court upon the pleadings, proof and exhibits and the court having considered said record and being advised, finds from the evidence that in so far as there is a conflict between the tract of land claimed by the plaintiff and that claimed by the defendants, the defendants show superior title by adverse possession to the full extent of the enclosed lands claimed by them, and that the fence in so far as it extends between the two tracts is the true line between the parties. It is therefore ordered and adjudged by the court that the fence as now located in so far as it extends between the two tracts of land is the true line between the plaintiff and defendants."

We are urged by appellant to reverse that judgment and instead of establishing the changeable fence as the boundary line, to recognize as the true boundary line the old surveyed line, as established by his surveyors which, he says, is unchanging and immutable and would forever settle the property line between the parties. It has not been our experience with mountain land titles that any line established by survey is unchanging and immutable. While surveying is or should be an exact science, yet surveyors differ in the method of its application, as in the present case, or in starting points, as in many cases we have had before us, thereby reaching different conclusions. Under the conflicting evidence and the conflicting surveys found in this record, we are left in doubt as to the true boundary between these parties and when we entertain such doubt, it is our duty to follow the Chancellor who is in a better position than we to decide the factual questions involved.

The judgment is therefore affirmed.